## In re HOWELL.

(District Court, N. D. Georgia. May 14, 1901.)

### No. 559.

CONVEYANCE—TITLE—MORTGAGE—USURY.

Under Code Ga. § 2892, providing that all titles to property made as a part of a usurious contract are void, an assignment of a bond for title, made in terms to secure an indebtedness to the assignee, is, in effect, a mortgage, and valid, though the loan is usurious, since it does not convey a title.

In Bankruptcy.

Thompson & Farmer, for objectors, cited:

Zellner v. Mobley, 84 Ga. 746, 11 S. E. 402; Johnson v. Wheelock. 56 Ga. 33; Carswell v. Hartridge, 55 Ga. 414; Caswell v. Banking Co., 50 Ga. 70.

L. L. Middlebrooks and E. F. Edwards, for objectors.

L. F. Rogers and J. G. Lester, for Clark Banking Co., cited:

Code Ga. §§ 2812, 2956, 2959, 2960, 3682; Gibson v. Warden, 14 Wall. 244, 20 L. Ed. 797; Cook v. Tullis, 18 Wall. 332, 21 L. Ed. 933; Henderson v. Hackney, 23 Ga. 384; Hackney v. Rome, 33 Ga. 231; Ford v. Finney, 35 Ga. 258; Bank v. Sibley, 71 Ga. 726; Walter v. Kierstead, 74 Ga. 25; Smith v. Jennings, 74 Ga. 553; Partridge v. Williams' Sons, 72 Ga. 807; Hodge v. Brown, 81 Ga. 276, 7 S. E. 282; White v. Kennon, 83 Ga. 343, 9 S. E. 1082; Railroad Co. v. Theus, 91 Ga. 41, 16 S. E. 208; Holliday v. Banking Co., 92 Ga. 675, 19 S. E. 28; Banking Co. v. Peacock, 103 Ga. 182, 29 S. E. 752; Pierce v. Parrish, 111 Ga. 729, 37 S. E. 79.

NEWMAN, District Judge. The bankrupt, on the 26th day of May, 1893, was the owner of a piece of real estate in the town of Oxford, Ga. On that day she executed to the Mutual Aid, Loan & Investment Company of Atlanta, Ga., a deed to secure the payment of a certain sum of money borrowed from the investment company, receiving from it a bond to reconvey said property upon the payment of the borrowed money. On February 17, 1897, the bankrupt borrowed an additional sum from the Clark Banking Company of Covington, Ga., and transferred the bond for title to the bank, to secure the payment of this sum so borrowed. The entry on the back of the bond for title is as follows: "I hereby transfer the within bond for title to Clark Banking Co. of Covington, Ga., all my rights under

this bond, as security for indebtedness to them. Feby. 17th, 1897. Sarah A. Howell." It is conceded that the bankrupt agreed to pay the Clark Banking Company usurious interest. Subsequently to this, on October 18, 1897, the bankrupt executed certain mortgages to Thompson & Farmer on the same real estate.

An issue arose before the referee in the bankrupt case as to whether or not the usury in the transaction with the Clark Banking Company would render void the transfer of the bond for title, and give Thompson & Farmer a lien inferior only to that of the Investment Company, whose first lien is recognized by all parties.

Section 2892 of the Code of Georgia is as follows: "All titles to property made as a part of an usurious contract or to evade the laws against usury, are void." The supreme court of the state of Georgia, in applying this section, have held that, as the section itself provides, titles are void, but mortgages and liens to secure indebtedness are not. The referee held that the transfer of this bond for title was a mere lien on the bankrupt's equity in the real estate in question. I think the referee was right. The transfer itself provides that it is made as security for indebtedness. It does not convey title, and in my opinion is not obnoxious to the section of the Code referred to. The decision of the referee will be sustained.